# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF: Commonwealth of Pennsylvania PAE 7784

No.: 16-15780ELF

CA-

In RE: **BY: Deniece BY: YOUNG**          11 U.S.C. 904     OCT 1 9 2016

TO THE CLERK OF COURT-

## MOTION TO STRIKE

**AND NOW**, after reviewing the ORDER, with respect to Plaintiff's attempt to assert that the Commonwealth of Pennsylvania PAE 7784 is lessor or under rental agreement is here and now false and shall be only rebutted under penalty and perjury with an affidavit upon this Court of Equity, who are truly the Guardians of Liberty, Therefore the Commonwealth of Pennsylvania PAE 7784 hereby STRIKE the ORDER dated **13 th** day of **OCTOBER** 2016; and request that an Automatic Stay be GRANTED;

**Affidavit of Fact**

> **Whereas**, the Commonwealth of Pennsylvania PAE 7784 aka DENIECE YOUNG possess both Note, paramount DEED and Mortgage as required for superior claim and possession of security asset aka parcel; If there is a single "best way" to perfect a security interest, it is for the creditor to take physical possession of the collateral. With one stroke, this solves any Statue of Frauds problems (*supra*, **U.C.C. §§ 111-113**) and assures perfection. [**U.C.C. §9-302(1)(a)**]; Possession of the collateral also reduces the risk of *third parties* aka MIDFIRST BANK, being misled: Since the Commonwealth of Pennsylvania PAE's assets are in "hock" they cannot

1

be used to deceive potential *parties* as to the benefactor's solvency, and as a result, the secured party in possession of the collateral is generally entitled to priority in any contest with third parties.

**Whereas**, this Court of Equity now overstand that DENIECE YOUNG et al, due process rights are expressly reserved. *15 USC 1692(g)(3), Harvey v. United Adjusters, 509 F. Supp 1218*;

Pursuant to *In re McCray, 342 BR 68, 69 (Bankr. D.C. 2006)*; any moving party shall for this Court assert that there is a material fact known under natural law and to the naked eye, that concludes without reservation that the above Commonwealth of Pennsylvania PAE 7784 aka DENIECE YOUNG is a Lessor or in fact a renter under agreement with the inferior lien/claim holder here known as MIDFIRST BANK; *Â § 362 (b)(22) does not apply*

**Whereas**, MIDFIRST BANK is neither joiner nor creditor with the above and true CREDITOR aka DENIECE YOUNG under file with the Department of Health, commissioned by the Commonwealth of Pennsylvania;

**Whereas,** all records of accounting may be requested as discovery through a whining petition, if this affidavit is challenged;

Wherefore, all rebuttals are required to be answered in an affidavit.

**FURTHER AVER I NOT**

Date: 10/19/16

/s/ _____
Commonwealth of Pennsylvania PAE 7784

Cc:

2